IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICK RONALD RUSSELL,** | ) | **CASE NO. 8:08CV145** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **FRANCIS BRITTEN, ROBERT HOUSTON, and KEITH BROADFOOT,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Plaintiff's Motion for Emergency Temporary Restraining Order. (Filing No. 15.) In support of his Motion, Plaintiff filed an Affidavit (Filing No. 13), Memorandum of Law (Filing No. 14), and Motion to Dispense with the Requirement of Security (Filing No. 11.) In his Motion, Plaintiff requests that the court "remove all GD gangmembers [sic], including Vanness and Spenser from the protective custody unit when petitioner is presently located or to transfer petitioner to another prison facility within twenty-four hours." (Filing No. 15.) Plaintiff's Motion generally asserts that his requested relief is necessary because Defendants have not taken "actions to ensure petitioners [sic] further safety." (Filing No. 14 at CM/ECF p. 1.) Plaintiff seeks a "single cell with complete access to law library, yard, and medical services." (Id. at CM/ECF p. 3.)

The standards set forth by Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109 (8th Cir. 1981), apply to Plaintiffs' Motion.[1]  In *Dataphase*, the court, sitting *en banc*, clarified

---

[1] Recently, the Eighth Circuit revisited the *Dataphase* factors with respect to challenges to state statutes. Planned Parenthood v. Rounds, No. 05-3093, 2008 WL 2550722, *7 (June 27, 2008). However, no state statute is implicated here and the traditional *Dataphase* analysis applies.

the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." Dataphase, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. In balancing all of the factors, it is apparent that Plaintiff has not alleged, or submitted any evidence showing, that it is probable he will succeed on the merits of his claims. Further, Plaintiff's Complaint does not set forth any allegations regarding Defendants' failure to keep Plaintiff safe. (Filing No. 1.) Rather, as the court set forth in its Memorandum and Order on initial review, the only claims currently before the court are those claims for injunctive relief relating to Defendants' denial of medical care and visits to Plaintiff while he is in protective custody. (Filing No. 17.) Thus, even if Plaintiff prevailed on the merits of his Complaint, his success on the merits would be irrelevant to the issues regarding "safety" with respect to other inmates as set forth in Plaintiff's Motion. It appears that Plaintiff may be using issues of "safety" as a way of obtaining greater access to the law library and the "yard." In light of

this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Emergency Temporary Restraining Order (Filing No. 15) is denied;

2. Plaintiff's Motion to Dispense with the Requirement of Security (Filing No. 11) is denied as moot; and

3. Plaintiff's Motion to Show Cause (Filing No. 12) is denied as moot. The initial review of this matter has occurred.

DATED this 21st day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge