**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **PATRICK RONALD RUSSELL,** | ) | **CASE NO. 8:08CV145** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **FRANCIS BRITTEN, ROBERT** | ) | |
| **HOUSTON, and KEITH BROADFOOT,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 28.) As set forth below, the Motion is denied.

### I. BACKGROUND AND SUMMARY OF AMENDED COMPLAINT

Plaintiff Patrick Ronald Russell ("Russell") filed his Complaint in this matter on April 4, 2008. (Filing No. 1.) After initial review, the court dismissed Plaintiff's claims for monetary relief against Defendants in their individual capacities, but permitted the remaining claims to proceed to service. (Filing No. 17.) On September 25, 2008, Plaintiff requested leave to file his Amended Complaint, which the court granted. (Filing Nos. 26 and 31.)[1]

Summarized and condensed, the allegations of the Amended Complaint relate entirely to several assaults on Russell in April 2004 and March 2008. (Filing No. 32 at CM/ECF pp. 1-5.) Russell alleges that he was assaulted by another inmate on April 27, 2004. This assault was the "direct result" of Defendant Keith Broadfoot's ("Broadfoot") actions. More specifically, Plaintiff alleges that Broadfoot told the attacker that Plaintiff did

---

[1] In accordance with NECivR 15.1, the Amended Complaint "supersedes the pleading amended in all respects." Thus, only the claims contained in the Amended Complaint will be considered.

not want to share a cell with him because Plaintiff believed the attacker was "mentally unstable." (*Id.* at CM/ECF p. 2.) As a direct result of Broadfoot's statements, Plaintiff allegedly was attacked and required medical treatment. Plaintiff alleges that "[t]here was no attempt to protect" him from further assaults after this incident. (*Id.*)

The Amended Complaint sets forth three additional assaults which occurred in March 2008. The first assault on Plaintiff was committed "by an unknown mexican [sic] who had been hired to assault" Plaintiff in order to get Plaintiff's job taken from him. (*Id.*) This assault was not reported to Defendants or their staff. (*Id.*) The second assault was a "verbal assault" by a "black inmate believed to be" a gang member. Although staff members were present during the second assault, the threats were not investigated, even though Plaintiff alleges that they "heard enought [sic] to have this inmate locked up." (*Id.* at CM/ECF p. 3.)

Plaintiff alleges that, soon after the verbal assault, that same inmate arranged to have Plaintiff assaulted a third time. Plaintiff was attacked by two gang members in a "unit vestibule" which is not monitored by staff and is a "blind spot within the prison." (*Id.*) Plaintiff suffered severe cuts from "having his glasses broken into his face," broken bones, and a concussion as a result of this assault. (*Id.*) After the assault, Plaintiff was placed in protective custody. However, Plaintiff's attackers were also placed in protective custody, on Plaintiff's "tier," where they "bragged" about the attack on Plaintiff. (*Id.* at CM/ECF pp. 4-5.) Plaintiff informed Broadfoot of his attackers' actions while in protective custody, but Broadfoot did nothing to investigate or otherwise protect Plaintiff.

Defendants' actions constitute a "deliberate and intentional failure" to provide a safe prison environment for Plaintiff. As a result of these four assaults, Plaintiff sought to be

transferred to another facility. He requested the transfers from Defendants Britten and Houston through grievance forms and letters. (*Id.* at CM/ECF pp. 5-8.) Plaintiff alleges that Defendant Britten agreed to remove Plaintiff from protective custody and transfer him to another facility, but in retaliation for Plaintiff's filing this action, later denied the transfer. (*Id.* at CM/ECF p. 5.) Plaintiff alleges that he remains in protective custody as discipline and not for protection. Defendants allegedly have otherwise failed to investigate the assaults appropriately, have not assisted in pursuing criminal charges against the attackers, and have not kept Plaintiff "safe," even in protective custody. (*Id.* at CM/ECF pp. 5-6.) For these alleged violations of the Eighth Amendment, Plaintiff seeks monetary damages, transfer to a safe facility, and various other injunctive relief. (*Id.* at CM/ECF pp. 8-10.)

## II. STANDARD OF REVIEW

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DEFENDANTS' MOTION TO DISMISS

Defendants argue that they are entitled to dismissal because Plaintiff has failed to allege a constitutional violation and because Plaintiff has failed to exhaust his administrative remedies.[2] (Filing No. 29 at CM/ECF pp. 3-7.) The court disagrees. "Because being subjected to assault is not part of the penalty that criminal offenders must pay for their offenses, the eighth amendment's prohibition against cruel and unusual punishment requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), other citations omitted). However, "prison officials do not commit a constitutional violation every time one prisoner attacks another." *Id.* at 872.

To establish a failure-to-protect claim under the Eighth Amendment, a plaintiff must show that the prison official was deliberately indifferent to a "substantial risk of serious harm from other inmates." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Thus, the plaintiff must allege both an "objective component, whether there was substantial risk of harm to the inmate," and a "subjective component, whether the prison official was deliberately indifferent to that risk." *Id.* "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young*, 508 F.3d at 873.

---

[2]Defendants also argue that they cannot provide the relief requested in their individual capacities, and therefore Plaintiff's claims must be dismissed. (Filing No. 29 at CM/ECF pp. 7-8.) However, Defendants incorrectly state that they are sued in their individual capacities only. As set forth in the Amended Complaint, Plaintiff has clearly sued Defendants in both their individual and official capacities and this argument therefore has no merit. (Filing No. 32 at CM/ECF pp. 1-2.)

4

Here, Plaintiff alleges three separate assault incidents, culminating in a fourth assault which resulted in serious injuries to Plaintiff. Plaintiff alleges that Defendants knew of the first assault and the third assault and took no action to protect him. Although staff members were aware of the verbal threats to Plaintiff, they allegedly did not investigate or take any actions to protect Plaintiff, resulting in the fourth assault and serious injuries. Further, after the fourth assault, Defendants allegedly placed Plaintiff in a protective custody unit *with* his attackers where they openly "bragged" about the assault on Plaintiff. Defendants allegedly did nothing about these continued threats, even after Plaintiff reported them. Liberally construed, Plaintiff has set forth sufficient allegations to "nudge [his] claims across the line from conceivable to plausible." Stated another way, Plaintiff has sufficiently alleged that Defendants knew of the risks to Plaintiff but have not "responded reasonably" to those risks. Plaintiff has further alleged that he has exhausted his administrative remedies through the filing of numerous grievances and letters to Defendants, none of which resulted in protective actions. Defendants' Motion to Dismiss is therefore denied without prejudice to reassertion in a properly-supported motion filed pursuant to Federal Rule of Civil Procedure 56.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 28) is denied; and

2. A separate order will be entered progressing this case to final disposition.

DATED this 14th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge