IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATRICK RONALD RUSSELL,** | ) | **CASE NO. 8:08CV145** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **FRANCIS BRITTEN, ROBERT HOUSTON, and KEITH BROADFOOT,** | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 51.) As set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiff Patrick Ronald Russell ("Russell") filed his Complaint in this matter on April 4, 2008. (Filing No. 1.) Plaintiff thereafter filed an Amended Complaint, which is the operative complaint in this matter. (Filing No. 32.) Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and, liberally construed, allege that Defendants violated Plaintiff's Fourteenth Amendment and Eighth Amendment rights by denying him medical care, visits, and church services while he was housed in protective custody. (*Id.*; *see also* Filing No. 17.) Defendants filed their Motion for Summary Judgment on April 30, 2009. (Filing No. 51.) Along with their Motion, Defendants filed an Index of Evidence and Brief in Support. (Filing Nos. 52 and 53.) On June 19, 2009, Plaintiff filed a Statement of Disputed Factual Issues, in response to the Motion for Summary Judgment. (Filing No. 57.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law."

NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. Id. "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." Id.

Defendants have submitted a statement of material facts in accordance with the court's Local Rules. However, Plaintiff has not submitted any "concise response" to those facts. Rather, Plaintiff's Statement of Disputed Factual Issues consists of 34 questions relating to Plaintiff's claims, none of which is supported by evidence. (Filing No. 57.) Defendants submitted evidence that was properly authenticated by affidavit. Plaintiff has not. This matter is deemed fully submitted and the material facts set forth by Defendants are "deemed admitted" due to Plaintiff's failure to controvert those facts.

## II. RELEVANT UNDISPUTED FACTS

1. Plaintiff is currently an inmate confined at the Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. (Filing No. 32 at CM/ECF p. 1.)

2. Defendants are all employees of the Nebraska Department of Correctional Services ("NDCS"). (Id.)

3. Defendant Francis Britten ("Britten") is the Warden of TSCI. (Id.)

4. Inmate grievances are handled through a procedure detailed in the NDCS Rules and Regulations inmate rulebook which is provided to each inmate upon his commitment to the NDCS. This grievance procedure has been promulgated pursuant to

the Nebraska Administrative Procedures Act and has been certified by the United States Department of Justice, and is found in Title 68, Chapter 2 of the Nebraska Administrative Code, Neb. Rev. Stat. §§ 83-4,111 and 83-4,135 through 83-4,139. (*Id.* at CM/ECF p. 3.)

    5.    The NDCS grievance procedure requires that an inmate first file an informal grievance. If the inmate is dissatisfied with the response, the inmate must then file a step one grievance. If the inmate is dissatisfied with the step one response, the inmate must then file a step two grievance. (Filing No. 53-12, Attach. 11, at CM/ECF pp. 1-4.)

    6.    As part of Britten's responsibilities and pursuant to Nebraska Statutes and under the direction of the director of the NDCS, an institutional file is maintained for each person committed to the custody of the NDCS. An inmate's file is located at the facility in which the inmate is currently residing. An inmate's file includes official records of the inmate's conviction and commitment, including any step one and step two grievances submitted for resolution. Informal grievances are filed in the inmate's treatment file, which is maintained by the housing unit manager. (Filing No. 53-5, Attach. 4, at CM/ECF pp. 2-3.)

    7.    Plaintiff's inmate files have been reviewed to determine if the Plaintiff has submitted any grievances with respect to the issues raised in the Amended Complaint. (Filing No. 53-5, Attach. 4, at CM/ECF p. 3.)

    8.    Based on a search of Plaintiff's inmate files, the only grievances submitted by Plaintiff regarding any of the allegations in the Amended Complaint are as follows.

        A.    With respect to Plaintiff's allegation that Defendants have kept Plaintiff from receiving medical care, visits, religious services and sufficient law library access while in protective custody, Plaintiff submitted an informal grievance in which the Plaintiff

complained he could not receive medical care while on protective custody status, and there was a step one grievance filed in which Plaintiff complained that he was unable to receive medical care and visits while on protective custody status. There were no step two grievances filed in relation to these issues. (*Id.* at CM/ECF pp. 4-5.)

   B.  With respect to Plaintiff's allegation that Defendants failed to provide Plaintiff with a safe living environment, Plaintiff filed an informal grievance on July 6, 2008, a step one grievance on July 28, 2008, and a step two grievance on August 6, 2008. No other grievances were submitted regarding this issue. (*Id.* at CM/ECF p. 5.)

   C.  With respect to Plaintiff's allegation that he should have been transferred to another prison facility, he filed an informal grievance on March 3, 2008, a step one grievance on December 8, 2008, and a step two grievance on May 1, 2008. No other grievances were filed regarding this issue. (*Id.*)

  9.  Based on a search of Plaintiff's institutional file, there were no grievances submitted by the Plaintiff regarding any other allegation contained in the Amended Complaint. (*Id.* at CM/ECF pp. 3-5.)

### III. ANALYSIS

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to

determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

      **B.**    **Defendants' Motion for Summary Judgment**

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and, liberally construed, allege that Defendants violated Plaintiff's Fourteenth Amendment and Eighth Amendment rights by denying him medical care, visits, and church services while he is housed in protective custody. (Filing No. 32; *see also* Filing No. 17.) Defendants argue, among other things, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing suit. (Filing No. 52 at CM/ECF pp. 4-7.) The court agrees, and need not reach Defendants' other arguments.

> As set forth in the Prison Litigation Reform Act:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). To be clear, exhaustion must occur *prior to* filing suit in federal court and may not occur during the pendency of a federal lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). As set forth in *Johnson*:

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Id.*

Plaintiff filed his Complaint on April 4, 2008. (Filing No. 1.) As set forth above, the NDCS has a three-step grievance process for exhaustion of administrative remedies. Thus, in order to properly exhaust his administrative remedies, Plaintiff was required to submit an informal grievance, a step one grievance, and a step two grievance as to each of his claims *prior to* April 4, 2008. (Filing No. 53-12, Attach. 11, at CM/ECF pp. 1-4.) The undisputed evidence before the court shows that Plaintiff submitted an informal and step one grievance as to claims regarding failure to receive medical care and visits while in protective custody. (Filing No. 53-5, Attach. 4, at CM/ECF pp. 4-5.) However, Plaintiff

failed to submit a step two grievance regarding those claims. (*Id.* at CM/ECF p. 5.) Regarding Plaintiff's claims that Defendants have not provided him with a safe living environment, Plaintiff did not file any grievances until July and August of 2008, several months *after* the filing of the Complaint in this matter. (*Id.*) The same is true of Plaintiff's requests to transfer facilities. Even though Plaintiff filed an informal grievance prior to the filing of this matter, he did not file his step one and step two grievances on this issue until May and December 2008. (*Id.*) With respect to the various other issues raised in the Amended Complaint, Plaintiff never submitted any grievances to the NDCS. In short, Plaintiff has failed to exhaust all three levels of the NDCS grievance procedures on his claims prior to filing this action.[1]

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 51) is granted and Plaintiff's claims are dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order;

3. All other pending motions are denied as moot; and

---

[1] In his Statement of Disputed Factual Issues, Plaintiff states that he need not grieve his claims relating to his requested transfer and the assaults because such grievances "would not provide plaintiff with any remedy." (Filing No. 57 at CM/ECF p. 2.) Plaintiff's beliefs regarding what may or may not have happened if he had exhausted his administrative remedies are irrelevant. *Chelette v. Harris*, 229 F.3d 684, 687 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."). Therefore, even if the court considered Plaintiff's Statement of Disputed Factual Issues as submitted in accordance with the court's Local Rules, the result would be the same.

4. The Final Pretrial Conference, scheduled for August 12, 2009, at 9:00 a.m., is cancelled.

DATED this 10th day of August, 2009.

                    BY THE COURT:

                    s/Laurie Smith Camp
                    United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.